# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MIA M. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-544-NAB |
| | ) | |
| RIVER CITY CASINO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Mia M. Daugherty for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Plaintiffs brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. St. § 213.010, et seq., against defendant River City Casino. Although plaintiff has included with her complaint a copy of her right-to-sue letter from the Missouri Commission on Human Rights ("MCHR"), she has failed to attach a copy of an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter.

As stated in plaintiff's MCHR right-to-sue letter, her complaint "was dual-filed with the Equal Employment Opportunity Commission . . . and the Missouri Commission on Human Rights." Plaintiff may not be aware of this fact, given that she indicated on page 3 of the complaint that she has not filed a charge of discrimination against defendant with the EEOC or other federal agency and has not received an EEOC right-to-sue letter. Nevertheless, when plaintiff filed her complaint with the MCHR, the complaint was automatically dual-filed with the EEOC. As such, if plaintiff has received an EEOC right-to-sue letter, she must submit a copy of it to this Court. If she has not yet received an EEOC right-to-sue letter, this Court would not have jurisdiction over plaintiff's EEOC claim or her present MCHR claim, because federal jurisdiction over a plaintiff's state MHRA claim depends upon the Court's jurisdiction over a federal claim in the same action.[1]     The statute of limitations is now running on plaintiff's state MHRA claim. A plaintiff should always be aware of the necessity of filing an employment discrimination claim within the time period provided by statute and in the appropriate state or federal court. In the absence of an accompanying federal claim, a plaintiff

---

[1] The Court notes that there are no grounds for diversity jurisdiction in the instant case.

may file an MHRA claim in the appropriate state court within the time period set forth in the MCHR notice-of-right-to-sue letter.

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter."  Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000).  If plaintiff has received an EEOC right-to-sue letter, she must submit a copy of it so the Court can ascertain the timeliness of her federal employment claims.  See 42 U.S.C. § 2000e-5(f)(1)(to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue).  Accordingly, the Court will order plaintiff to supplement the complaint by submitting a copy of her EEOC right-to-sue letter, if she has received one, within thirty (30) days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED**   that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.  See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff shall submit a copy of her EEOC right-to-sue letter, if she has received one, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 4th day of April, 2012.

                                      /s/ Nannette A. Baker
                                    NANNETTE A. BAKER
                                    UNITED STATES MAGISTRATE JUDGE